IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-cv-440-BO

| | |
|---|---|
| **UN4 Productions, Inc.,** | |
| Plaintiff, | |
| v. | **Order** |
| **Does 1–13**, | |
| Defendants. | |

Plaintiff UN4 Productions, Incorporated, requests leave of court to engage in limited discovery prior to the parties engaging in a Rule 26(f) conference. D.E. 4. After reviewing the relevant pleadings and filings. The court finds that there is good cause to grant the motion. Therefore, the motion is granted and discovery will be allowed on the following terms:

1. Plaintiff may serve each of the ISPs identified in Exhibit B of the Complaint with a subpoena commanding the ISP to provide Plaintiff with the true name, permanent address, current address, telephone number, email address, and Media Access Control ("MAC") address of each Defendant to whom the ISP assigned an Internet Protocol ("IP") address as set forth in Exhibit B to the Complaint. Each ISP is ordered to provide the documents sought in each subpoena in accordance with the terms of this Order. Plaintiff shall attach a copy of this Order to each subpoena.

2. In the event that the ISP identified in Exhibit 2 of the Complaint responds that it is not the ISP for a particular defendant, Plaintiff may also serve a Rule 45 subpoena on the ISP that is subsequently identified as the Defendant's actual ISP.

3. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5) shall comply with 47 U.S.C. § 551(c)(2)(b), which states that "[a] cable operator may

disclose such [personal identifying] information if the disclosure is…made pursuant to a court order authorizing such disclosure, if the subscriber is noticed of such order by the person to whom the order is directed by sending a copy of this Order to the Defendant."

4.      The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of  providing the subpoenas information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee  for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolved to  the same individual, or for an address that does not provide the name of a unique individual, or  for the ISPs' internal costs to notify their customers. If necessary, the Court shall resolved any  disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to  be charged by the ISPs after the subpoenaed information is provided to Plaintiff.

5.      Within seven days after the date of Plaintiff's service on the ISPs of a subpoena authorized herein, each ISP shall serve written notice of the subpoena on the Defendant about  whom documents are sought in the subpoena. If an ISP or a Defendant about whom documents  are sought in a subpoena wishes to have the subpoena quashed or modified, such person  (whether it be an ISP or a Defendant) must file with the court and serve on counsel for Plaintiff a  motion to quash or modify the subpoena prior to the return date for the subpoena (which is the  date specified in the subpoena for production of the documents sought). The return date shall be  no earlier than 28 days after the date of service by Plaintiff of the subpoena on the ISPs.

6.      An ISP shall not produce any documents in response to a subpoena prior to the return date or, if any motions to quash or modify are filed with respect to the subpoena, unless  and until an order is entered denying any such motions and permitting production pursuant to the  subpoena (in which case production shall be in accordance with the terms of such order).  Plaintiff shall notify the ISPs of the filing of any motion to quash or modify a subpoena within  one day after the filing of the motion. An ISP shall make appropriate arrangements to ensure that  it has notice of

any motions to quash or modify a subpoena before it produces any documents in response to the subpoena.

7.      Plaintiff may only use any documents or information receives in response to a subpoena for the purpose of prosecuting its infringement claims in this action.

8.      Plaintiff may not engage in any additional discovery in this action prior to conducting a Rule 26(f) conference unless the discovery is authorized by an order of this court or the Federal Rules of Civil Procedure.

Dated: September 11, 2017

_Robert T. Numbers II_

Robert T. Numbers, II
United States Magistrate Judge